**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| BRIAN MILLER, ) | |
| ) | COMPLAINT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| CENTRAL PORTFOLIO CONTROL, INC. ) | |
| MARK ROMINE ) | |
| JOHN DOE ) | |
| JANE DOE ) | |
| ) | |
| ) | |
| Defendants ) | |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here

**PARTIES**

4. Plaintiff Brian Miller is a natural person who resides in the City of Germantown, Montgomery County, State of Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Defendant Central Portfolio Control, Inc. (hereinafter "Defendant CPC") is a collection agency whose principal place of business is located at 6640 Shady Oak Road, Suite 300, Eden Prairie, MN  55344, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Mark Romine (hereinafter "Defendant Romine") is a natural person who was employed at all times relevant herein by Defendant CPC as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant John Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant CPC as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant John Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant CPC as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

9. On or about December 3, 2008, Plaintiff incurred financial obligation that were primarily for personal, family or household purposes and is therefore are "debts" as that term is defined by 15 U.S.C. § 1692a(5); namely, a Best Buy credit card which was issued by HSBC Bank. Plaintiff applied for this credit card specifically to purchase a laptop.

10. By virtue of these debts, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3);

11. Plaintiff's laptop was stolen in October 2009.

12. Plaintiff was enrolled in debt cancellation program, HSBC first credited ~900.00, then 700.00, but with interest P still owes ~1200.00 because of HSBC's delay.

13. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant CPC for collection from Plaintiff.

14. Beginning in January 2011, Defendant CPC's collector, Defendant Mark Romine attempted to contact Plaintiff on his home phone in regards to his debt.

15. During this time Plaintiff was traveling for work so Plaintiff's mother answered the phone and told them that Plaintiff was not there.

16. Defendant Romine or one his colleagues continued to call Plaintiff's mother and hounded her for Plaintiff's cell phone number, stating that Plaintiff owed them money.

17. Eventually she gave in and gave Defendant Romine her son's cell phone number.

18. She then contacted Plaintiff and told him that she was highly annoyed and that he had to take care of it.

19. Subsequently, Defendant Romine contacted Plaintiff on his cell phone and told him that HSBC had been turned this debt over to his company for collections.

20. Plaintiff said that he had debt cancellation and that he wouldn't pay and then hung up.

Complaint - 2

21. The next day Defendant Romine called and said he would like to help Plaintiff and for the letter to send in some paperwork, including a hardship letter.

22. Plaintiff told Defendant Romine that everyone who called him offered to help, but never did. Nonetheless, Plaintiff faxed over the debt cancellation paperwork and the hardship letter on January 21, 2011.

23. On or about January 24, 2011, Defendant Romine called Plaintiff back and said that this paperwork doesn't make any sense and that he wasn't cutting him any deals.

24. Plaintiff told him he wasn't going to be paying anything and hung up.

25. Afterwards, Defendant Romine's "supervisor" John Doe called and asked when he could expect payment from Plaintiff.

26. Plaintiff, utterly frustrated by the obtuseness of Defendant CPC's employees, proceeded to hang up on Defendant John Doe.

27. On or about January 25, 2011, Defendant Jane Doe called on behalf of her employer Defendant CPC, in an attempt to collect on the debt owed to HSBC.

28 Plaintiff told Defendant Jane Doe that he had already spoken to Defendant Mark Romine and that he had already told him he wasn't going to pay.

29. Plaintiff told Defendant Jane Doe to stop calling him, and then proceeded to hang up.

30. Defendant Jane Doe called back soon afterward, telling Plaintiff that she and Defendant Romine worked in different departments.

31. Plaintiff told Defendant Jane Doe that he wasn't going to be dealing with this anymore and hung up.

32. Defendant Jane Doe called back and said that unless she got the debt cancellation paperwork, there was nothing she could do.

33. Plaintiff explained that he had already sent the paperwork to Defendant Romine and that he suspected they were just giving him the runaround. Plaintiff then reiterated that he wasn't going to pay.

34. Defendant Jane Doe then proceeded to become very indignant, and said, "If you're not going to pay, then I have something for your ass – we're going to ruin your credit!"

35. Plaintiff then began to argue with Defendant Jane Doe and became very upset.

36. All of the above-described collection communications made to Plaintiff by Defendants Romine, Jane Doe, and John Doe were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692(b)(3), 1692c(b), 1692d, 1692d(6), 1692e, 1692e(10),  1692e(15), and 1692f, amongst others.

**LEGAL APPLICATION**

37. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant CPC, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

38. The above-detailed pattern of conduct by these Defendants of harassing Plaintiff's mother in an effort to collect his debt constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

39. Due to these series of abusive collection calls by Defendant CPC and its employees, Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy

40. Defendants' repeated disclosures of Plaintiff's indebtedness to third parties was an invasion of his privacy and his right to financial privacy

41. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of the Plaintiff and caused him unnecessary personal strain in his relationship with his mother.

*Respondeat Superior Liability*

42. The acts and omissions of Defendants Mark Romine, John Doe, and Jane Doe, who communicated with Plaintiff and various third parties as further described herein, were committed within the time and space limits of the former's agency relationship with their principal, Defendant CPC.

43. The acts and omissions by Defendant Mark Romine, John Doe, and Jane Doe were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CPC in collecting consumer debts.

44. By committing these acts and omissions against Plaintiff, Defendants Mark Romine, John Doe, and Jane Doe were motivated to benefit their principal, Defendant CPC.

45. Defendant CPC is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff's son.

### COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

48. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and

d) For such other and further relief as this Court deems just and proper.

### COUNT II. INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

49. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

50. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices** contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

*15 U.S.C. § 1692(a) (emphasis added).*

51. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress **that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

*15 U.S.C. § 6801(a) (emphasis added).*

52. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt that he apparently did not owe and thereby invaded Plaintiff's privacy.

53. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

54. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private concerns or affairs, and private financial information.

55. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

56. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

b) For an award of reasonable attorney's fees and costs; and

c) For such other and further relief as this Court deems just and proper.

**TRIAL BY JURY**

57. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted this 14t$^h$ day of October, 2011

BRIAN MILLER

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
rrowe@rowepllc.com